**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

T.W. KING,                                                                                                       PETITIONER

V.                                                                                                      NO. 4:03CV348-D-B

MICHAEL WILSON, ET AL,                                                              RESPONDENTS

## REPORT AND RECOMMENDATION

This *pro se* habeas corpus petition was filed pursuant to 28 U.S.C. § 2254. Contrary to his plea of not guilty, petitioner was convicted in February 2000 in the Circuit Court of Leflore County, Mississippi, of murder and arson and was sentenced to life imprisonment on the murder conviction and 20 years on the arson conviction, with the sentences to run concurrently. He appealed his conviction and sentence to the Mississippi Supreme Court, which affirmed the conviction and sentence on October 25, 2001. Petitioner raised two grounds as error in his appeal: the evidence was insufficient to support the jury's verdict; and the court erred when it overruled his motion to dismiss for failure of the state to preserve certain physical evidence.

King later filed a post-conviction motion in the state Supreme Court asking for leave to proceed in trial court. The grounds he raised were as follows: denial of a fair trial and effective assistance of counsel upon use of conflicting and confusing jury instructions; denial of a right to a fair trial and effective assistance of counsel upon use of other crimes evidence; denial of right to a fair trial and effective assistance of counsel upon improper closing argument; and double jeopardy. The Mississippi Supreme Court denied his motion on September 17, 2002.

King raises six grounds in the petition before the court.

    1. Denial of a fair trial and effective assistance of counsel upon conflicting and confusing jury instructions.

    2. Denial of a fair trial and effective assistance of counsel upon improper use of other crimes as evidence.

    3. Denial of a fair trial and effective assistance of counsel upon prosecution's improper closing argument.

> 4. Insufficient evidence to support the conviction for either murder or arson.
>
> 5. Whether the trial court committed reversible error in overruling the motion to dismiss for failure to preserve certain physical evidence.
>
> 6. Actual innocence of the petitioner.

Grounds One, Two, and Three of the petition were presented to the Mississippi Supreme Court on a motion for post-conviction relief and were denied on the merits. Grounds Four and Five were presented to the Mississippi Supreme Court on direct appeal and were denied on the merits. Consequently, under the Antiterrorism and Effective Death Penalty Act of 1996 this court may not grant relief on these grounds. 28 U.S.C. § 2254(d) provides:

> (D) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Subsection (d)(1) applies to mixed questions of law and fact. *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied* 117 S.Ct. 1114, 520 U.S. 1107, 137 L.Ed.2d 315 (1997). Subsection (d)(2) permits federal court relief only if the state court adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Grounds One through Five are mixed questions of law and fact. Hence, subsection (1) of § 2254(d) requires that a federal court cannot grant habeas relief on those grounds unless it determines that the state court's decision involved an unreasonable application of the law to the facts. Otherwise, there exists a presumption that state court factual findings are correct. *Knox v. Johnson*, 224 F.3d 470 (5th Cir. 2000).

There is no showing whatsoever that the Mississippi Supreme Court's decision involved an unreasonable application of the law to the facts. Therefore, habeas corpus relief may not be granted on Grounds One, Two, Three, Four, or Five.

Ground Six, that petitioner was actually innocent of the charges against him, has not been presented to the state courts. It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)).

Petitioner clearly has not done so, and the time for filing such a claim has expired and is no longer available in state appellate courts. *See* M.R.A.P. 17(b). By failing to raise the grounds by direct appeal, on writ to the Mississippi Supreme Court, or in an application for post-conviction relief, petitioner has failed to proceed in a proper procedural manner. Mississippi's appellate courts strictly enforce and regularly follow the waiver/procedural rule, and the burden is on petitioner to demonstrate otherwise. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995); *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999); *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996). Since petitioner has failed to meet this burden Ground Six is procedurally barred and should be dismissed with prejudice. *Sones, id.* at 416; *see O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999).

When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged constitutional violation, or that failure to consider the claims would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Petitioner has made

no attempt to establish cause for the default and the court can see no basis for cause. Consequently, there is no need to consider whether there was actual prejudice. *Saahir v. Collins*, 956 F.2d 115 (5th Cir. 1992).

All grounds raised by petitioner are therefore precluded from federal review in a habeas corpus proceeding, absent exceptional circumstances, under *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640, 669 (1991). Under *Coleman*, petitioner must demonstrate cause and actual prejudice, which he has not done. Petitioner has not shown cause, so it is unnecessary for the Court to consider whether there is actual prejudice. *Martin v. Maxey*, 98 F.3rd 844, 849 (5th Cir. 1996).

Additionally, the failure of this Court to consider petitioner's claims will not result in a fundamental miscarriage of justice. The "fundamental miscarriage of justice" exception is even more circumscribed than the cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3rd 635, 644 (5th Cir. 1999). To establish this probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman* at 644. Petitioner has not done so and is not entitled to relief on this ground.

Accordingly, it is recommended that the petition be denied and the case dismissed with prejudice.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within 10 days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within 10 days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed

factual findings and the proposed legal conclusions accepted by the district court.  *Douglass v. United Services Automobile Association*, 79 F.3rd 1415 (5th. Cir. 1996).

Respectfully submitted, this the 24th day of May, 2005.

/s/ Eugene M. Bogen
UNITED STATES MAGISTRATE JUDGE